928 F.2d 406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Ray YELDER, Petitioner-Appellant,
v.
Steve SMITH, Warden, Luther Luckett Correctional Complex,
Attorney General of Kentucky, Respondents-Appellees.
 No. 89-5787.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1991.
 
 W.D.Ky., No. 88-00591; Ballautine, J.
 
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KRUPANSKY and BOGGS, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 4
 Larry Ray Yelder, a pro se Kentucky prisoner, appeals the district court's order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In 1982, a jury convicted Yelder of four counts of rape, one count of intimidating a witness and one count of harassing communication. He received sentences totalling 20 years. On direct appeal, the Kentucky Supreme Court affirmed Yelder's conviction.
 
 
 6
 Yelder subsequently filed a Ky.R.Crim.P. 11.42 motion to vacate and set aside the judgment. The trial court denied the motion and the Kentucky Court of Appeals affirmed this denial. The Kentucky Supreme Court declined to address Yelder's motion for discretionary review because it was untimely under the Court's rules. The trial court denied a second Rule 11.42 motion without addressing the merits of the motion.
 
 
 7
 Yelder then filed the present petition for writ of habeas corpus. In his petition, Yelder alleges: (1) improper admission of evidence at trial, (2) prosecutorial misconduct, (3) insufficient voir dire of the jury concerning pretrial publicity, and (4) ineffective assistance of counsel for failure to move for a change of venue based on pretrial publicity. The district court dismissed the petition, holding that the first two claims were without merit and that Yelder had not presented the third and fourth issues to the Kentucky courts nor had he shown cause or prejudice for his failure to do so. Yelder subsequently filed a timely appeal.
 
 
 8
 Upon review, we conclude that the district court properly dismissed Yelder's habeas petition as to his first two issues because Yelder was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). We do not reach the merits of his last two issues because Yelder has not shown cause and prejudice to excuse his failure to present the issues in a timely and fair manner in the Kentucky courts. See Teague v. Lane, 489 U.S. 288, 298-99 (1989).
 
 
 9
 Accordingly, we affirm the judgment for the reasons stated in the district court's order filed on May 24, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation